IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ruben Mungaray, On Behalf of Himself and All Others Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>Abbott Laboratories Inc., Nationwide Testing Association Inc., Low Country Drug Screening LLC, and Quantix SCS LLC,<br><br>Defendants. | Civil Action<br>File No.: 2:24-cv-03909-DCN-MGB<br><br><br>**DEFENDANT LOW COUNTRY DRUG SCREENING, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Defendant Low Country Drug Screening, LLC ("Low Country") answers the Complaint of Ruben Mungaray, On Behalf of Himself and All Others Similarly Situated, ("Plaintiff") as follows:

### FOR A FIRST DEFENSE

1.  Except as herein specifically admitted, Low Country denies each and every allegation contained in Plaintiff's Complaint. To the extent any allegation may not be expressly referred to and answered, it is hereby denied.

2.  Paragraph 1 is a pleading device to which no response is deemed necessary. To the extent that a response is required, it is denied.

3.  Paragraph 2 is a pleading device to which no response is deemed necessary. To the extent that a response is required, it is denied.

4.  Upon information and belief, Low Country admits the allegations contained in paragraph 3.

1

5. Low Country is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 4 and therefore denies the same.

6. Responding to the allegations contained in paragraph 5, Low Country admits only that it is a South Carolina limited liability company doing business in South Carolina.

7. Low Country is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies the same.

8. Responding to the allegations contained in paragraph 7, Low Country does not contest venue in the Charleston Division of the United States District Court, District of South Carolina.

9. Low Country is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraphs 8 through 14 and therefore denies the same.

10. Responding to the allegations contained in paragraph 15, upon information and belief, Low Country denies that jurisdiction is proper in the South Carolina Court of Common Pleas and admits that jurisdiction is proper in the United States District Court, District of South Carolina.

11. Responding to the allegations contained in paragraph 16, Low Country admits only that it collected Plaintiff's urine sample pursuant to applicable regulations. Except as expressly admitted herein, Low Country denies the allegations of paragraph 16.

12. Low Country denies the allegations of paragraphs 17 through 19, including each discrete subpart, and denies that any of Plaintiff's claims against Low Country are appropriate for class certification

13.     Low Country is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraphs 20 through 22 and therefore denies the same.

14.     Responding to the allegations contained in paragraph 23, Low Country admits only that it is a drug testing collection facility and that it collected Plaintiff's urine sample pursuant to applicable regulations.  Further responding to the allegations concerning information contained on its website, Low Country craves reference to the same and denies any allegations inconsistent therewith.

15.     Low Country is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 24 and therefore denies the same.

16.     Responding to the allegations contained in paragraph 25, Low Country denies that it contracted with Quantix but admits that it follows applicable regulations and standards in the collection of samples for drug testing by others.

17.     Low Country is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraphs 26 through 52 and therefore denies the same.

18.     Responding to the allegations contained in paragraph 53, Low Country admits only that Plaintiff reported to its collection facility on March 22, 2023 and provided a urine sample for drug testing.

19.     Responding to the allegations contained paragraph 54, Low Country admits only that it collected Plaintiff's urine sample. Low Country specifically denies that it tested Plaintiff's sample.

20. Low Country is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 55 and therefore denies the same.

21. Responding to the allegations of paragraphs 56 through 58, Low Country denies that it had any communication with Plaintiff concerning the results of his drug test. Low Country is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraphs 56 through 58 and therefore denies the same.

22. Low Country denies the allegations of paragraphs 59 and 60 insofar as they pertain to Low Country, which did not perform any testing on Plaintiff's urine sample.

23. Low Country is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraphs 61 through 63 and therefore denies the same.

24. Low Country denies the allegations contained in paragraphs 64 through 69 insofar as they pertain to Low Country, which did not perform any testing on Plaintiff's urine sample and did not communicate with Plaintiff or anybody else concerning the results of any drug tests on Plaintiff's sample.

25. Low Country is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraphs 70 through 73 and therefore denies the same.

26. Responding to paragraph 74, Low Country repeats and realleges each and every preceding answer as if the same were set forth herein verbatim.

27. Responding to the allegations of paragraph 75, Low Country denies that it owed any duty to Plaintiff to perform drug testing or report drug testing results.

28. Low Country denies the allegations contained in paragraphs 76 through 84 insofar as they pertain to Low Country.

29. Responding to the allegations contained in paragraph 85, Low Country repeats and realleges each and every preceding answer as if the same were set forth herein verbatim.

30. Low Country denies the allegations contained in paragraphs 86 through 95 insofar as they pertain to Low Country.

31. Responding to the allegations contained in paragraph 96, Low Country repeats and realleges each and every preceding answer as if the same were set forth herein verbatim.

32. The allegations contained in paragraphs 97 through 114 are not directed to Low Country and therefore no response is deemed necessary. To the extent that a response is required, Low Country denies the same.

33. Low Country denies the allegations contained in the unnumbered PRAYER FOR RELIEF paragraph, including each discrete subpart, and further denies that it is liable to Plaintiff in any way.

## FOR A SECOND DEFENSE

34. IN ORDER TO PRESERVE ALL POTENTIAL DEFENSES ON THIS ISSUE AND FURTHER ANSWERING PLAINTIFF'S COMPLAINT, Plaintiff fails to state a claim for relief as to Low Country and therefore should be dismissed pursuant to Rule 12(b)(6), FRCP.

## FOR A THIRD DEFENSE

35. IN ORDER TO PRESERVE ALL POTENTIAL DEFENSES ON THIS ISSUE AND FURTHER ANSWERING PLAINTIFF'S COMPLAINT, Low Country would state that it followed all applicable regulations and standards with respect to the collection of Plaintiff's

urine sample, and therefore Plaintiff is not entitled to recovery against Low Country under any theory.

**FOR A FOURTH DEFENSE**

36.     IN ORDER TO PRESERVE ALL POTENTIAL DEFENSES ON THIS ISSUE AND FURTHER ANSWERING PLAINTIFF'S COMPLAINT, any injuries sustained by Plaintiff were due to and caused by the sole negligence of third parties and/or co-defendants over whom Low Country had no control, and therefore, Low Country should not be liable to Plaintiff in any sum whatsoever.

**FOR A FIFTH DEFENSE**

37.     IN ORDER TO PRESERVE ALL POTENTIAL DEFENSES ON THIS ISSUE AND FURTHER ANSWERING PLAINTIFFS' COMPLAINT, Low Country asserts that any claim for punitive or exemplary damages as set forth in the Complaint would violate Defendant's constitutional rights under the due process clause of the Fifth Amendment to the Constitution of the United States of America and applied to this State by the Fourteenth Amendment of the Constitution of the United States of America; the Excessive Fines Clause in the Eighth Amendment to the Constitution of the United States of America; and similar provisions in the Constitution of the State of South Carolina and/or the common law and public policies of the State of South Carolina.  Low Country raises these defenses as a complete bar or limitation to the imposition of punitive or exemplary damage against it.  To the extent there is any award of punitive damages, it is also limited by applicable South Carolina statutory laws §15-32-530, et seq. and associated provisions.

**FOR A SIXTH DEFENSE**

38.     IN ORDER TO PRESERVE ALL POTENTIAL DEFENSES ON THIS ISSUE AND FURTHER ANSWERING PLAINTIFFS' COMPLAINT, Low Country requests application of the South Carolina Contribution Among Tortfeasors Act, *S.C. Code Ann.* § 15-38-10 et. seq., and submits that the damages for which Plaintiff seeks recovery against Low Country must be limited to the percentage of fault, if any, attributable to the conduct of Low Country.

**FOR A SEVENTH DEFENSE**

39.     IN ORDER TO PRESERVE ALL POTENTIAL DEFENSES ON THIS ISSUE AND FURTHER ANSWERING PLAINTIFF'S COMPLAINT, Plaintiff's recovery, if any, should be barred or reduced based upon the law of comparative negligence.

**FOR AN EIGHTH DEFENSE**

40.     IN ORDER TO PRESERVE ALL POTENTIAL DEFENSES ON THIS ISSUE AND FURTHER ANSWERING PLAINTIFF'S COMPLAINT, any recovery by Plaintiff must be apportioned, pro-rated, reduced or offset by amounts Plaintiff has received, will receive, or become entitled to receive from others, whether by settlement or judgment or other payment, for the same injuries and damages claimed in this lawsuit.

**FOR A NINTH DEFENSE**

41.     IN ORDER TO PRESERVE ALL POTENTIAL DEFENSES ON THIS ISSUE AND FURTHER ANSWERING PLAINTIFF'S COMPLAINT, Plaintiff is unable to satisfy the elements of commonality, typicality or adequacy of representation with respect to the claims against Low Country and therefore Plaintiff does not meet the requirements for class certification as to this Defendant.

### FOR A TENTH DEFENSE

42. IN ORDER TO PRESERVE ALL POTENTIAL DEFENSES ON THIS ISSUE AND FURTHER ANSWERING PLAINTIFF'S COMPLAINT, to the extent Plaintiff asserts claims against Low Country pursuant to S.C. Code Ann. §15-36-100, Plaintiff's complaint must be dismissed for failure to comply with requirements pursuant to such statutory law, including, but not limited to, the filing of a contemporaneous affidavit.

### FOR AN ELEVENTH DEFENSE

43. IN ORDER TO PRESERVE ALL POTENTIAL DEFENSES ON THIS ISSUE AND FURTHER ANSWERING PLAINTIFF'S COMPLAINT, to the extent Plaintiff asserts claims against Low Country pursuant to S.C. Code Ann. §15-36-100, Plaintiff's non-economic damages, if any, shall be limited pursuant to S.C. Code Ann. §15-32-220, et seq.

### FOR A TWELFTH DEFENSE

44. FURTHER ANSWERING PLAINTIFF'S COMPLAINT, Low Country specifically reserves any additional and/or affirmative defenses as may be available to it or revealed to it during the course of the investigation and/or discovery in this case and further incorporates by reference any and all affirmative defenses asserted by any other Defendant in its responsive pleading, to the extent applicable to the claims against Low Country.

WHEREFORE, having fully and truly answered Plaintiff's Complaint, Low Country prays that it be dismissed, with costs assessed to Plaintiff, and for such other and further relief as the Court deems just and proper.

(SIGNATURE BLOCK ON FOLLOWING PAGE)

                HEDRICK GARDNER KINCHELOE & GAROFALO LLP

By:     s/*Joshua D. Shaw*
Jonathan G. Roquemore (Fed Id. # 9160)
Joshua D. Shaw (Fed. Id. # 10529)
Travis W. Redd (Fed. Id. # 14231)
Hedrick Gardner Kincheloe & Garofalo LLP
1230 Main St., Suite 325
Columbia, SC 29201
Phone: 803-727-1200
Fax: 803-727-1259

*s/Hunter Williams*
Gray T. Culbreath, Fed. ID No. 5647
Gallivan, White & Boyd, P.A.
PO Box 7368
Columbia, SC 29202
gculbreath@gwblawfirm.com
(803) 779-1833

Hunter Williams, Fed. ID No. 13728
Gallivan, White & Boyd, P.A.
PO Box 10589
Greenville, SC 29601
hwilliams@gwblawfirm.com
(864) 271-9580

*ATTORNEYS FOR DEFENDANT LOW COUNTRY DRUG SCREENING LLC*

Defendant Low Country Drug Screening, LLC requests a jury trial in this matter.

*s/ Joshua D. Shaw*

*s/ Hunter Williams*

August 16, 2024

10